# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MATTHEW CHARRON, on behalf of himself and those similarly situated,

        Plaintiff,

vs.

NATIONAL PARKING SOLUTIONS, LLC D/B/A NATIONAL PARKING SOLUTIONS – SOUTH, LLC, a Domestic Limited Liability Company, and MARC EBERSOLE, Individually,

        Defendants. /

CASE NO.:

## COLLECTIVE ACTION COMPLAINT & JURY DEMAND

Plaintiff, MATTHEW CHARRON ("Plaintiff"), on behalf of himself and those similarly situated, sues the Defendants, NATIONAL PARKING SOLUTIONS, LLC D/B/A NATIONAL PARKING SOLUTIONS – SOUTH, LLC, a Domestic Limited Liability Company, and MARC EBERSOLE, individually (hereinafter "Defendants"), for failing to pay minimum wages and overtime to all valet attendants (hereinafter "valet attendants" or "class members")

who worked for Defendants within the last three years, pursuant to 29 U.S.C. § 201, et al. (hereinafter the "FLSA").

## Nature of Case

1. This is an action by the Plaintiff against his former employer for failing to pay him minimum wages and unpaid overtime wages, pursuant to the Fair Labor Standards Act ("FLSA") as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. Defendants violated the FLSA by failing to pay class members that were employed in Georgia at any time within the past three (3) years (2014-2017) overtime premiums for all hours worked over forty pursuant to the FLSA.

3. In addition, Defendants violated the FLSA by failing to properly pay class members that were employed by Defendants within the past three (3) years (2014-2017) proper minimum wages pursuant to FLSA.

4. Additionally, Plaintiffs seek a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

## Jurisdiction & Venue

5. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA, the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

6. This Court has jurisdiction and venue over this complaint as each of Defendants' violations of the FLSA complained of took place in Fulton County, Georgia.

**Parties**

7. Plaintiff and class members were valet attendants who worked for Defendants within the last three (3) years.

8. Plaintiff, MATTHEW CHARRON, worked for Defendants as a valet attendant from April 16, 2011 through April 12, 2017 at various sites in Fulton County, Georgia.

9. The proposed class members worked for Defendants at various sites in Georgia as valet attendants.

10. Plaintiff and the proposed class members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as:

> **All valet attendants who worked for Defendants within the three (3) years preceding this lawsuit.**

The precise size and the identity of the FLSA Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

11. Defendants' principal business where the issues which are the subject matter complained of took place is located in Fulton County, Georgia, and is therefore within the jurisdiction of this Court.

12. Defendant, NATIONAL PARKING SOLUTIONS, LLC D/B/A NATIONAL PARKING SOLUTIONS – SOUTH, LLC, is a full service valet parking and parking management company specializing in high-service parking programs for over thirty (30) years.

13. Defendant, MARC EBERSOLE, is/was an acting owner of Defendant, NATIONAL PARKING SOLUTIONS, LLC D/B/A NATIONAL PARKING SOLUTIONS – SOUTH, LLC, and an individual resident of the state of Georgia who, upon information and belief, resides in Fulton County, Georgia. MARC EBERSOLE had authority to hire and fire valets, set pay rates, schedule valets, and is/was responsible for its minimum wage and overtime policies.

**General Factual Allegations**

14. Plaintiff worked as a valet attendant for Defendants.

15. Plaintiff worked for Defendants as a valet attendant from approximately April 16, 2011 to April 12, 2017.

16. Defendants attempted to pay its valet attendants pursuant to a "tip credit" method.

17. Defendants did not pay Plaintiff at least the full minimum wage in exchange for work performed as a valet attendant.

18. Defendants do not pay Plaintiff an hourly wage.

19. Defendant did not pay Plaintiff at least the full minimum wage in exchange for worked performed as a valet attendant.

20. Plaintiff and all similarly situated employees performed a specific job, i.e. park and return customers' cars, which was/is an integral part of the valet business of Defendants.

21. Defendants failed to pay the Plaintiff and the class members the applicable minimum wage rate.

22. In addition, Defendants required Plaintiff and the class members to share tips received each shift with members of management invalidating the applicability of any tip credit or tip-sharing provisions.

23. A tip pool can only contain employees who customarily and regularly receive tips.

24. Further, if tipped employees are required to participate in a tip pool with other employees who do not customarily receive tips, then the tip pool is invalid and the employer is not permitted to take a tip credit.

25. Notwithstanding minimum wage requirements or these tip-credit and

tip sharing requirements, Defendants required their valet drivers to participate in a tip pool contribution plan that includes non-traditionally tipped employees.

26. For example, while working at Defendants' various locations, valet attendants were required to pay management a share per shift from their tips.

27. For these reasons, Defendants violated the terms of the tip-credit provision on minimum wages should it contend that the valet attendants were being paid pursuant thereto.

28. In addition, many times valets do not earn enough in tips to earn at least minimum wages per week.

29. As a result of these common policies, Plaintiff and each similarly situated valet is entitled to receive the applicable minimum wage rate for each hour worked.

30. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who suffered from the same pay practice of being improperly paid less than any form of minimum wage.

31. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated valets are in the possession and custody of Defendants.

32. Plaintiff and the other valets frequently worked more than forty (40) hours in a workweek.

33. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiffs overtime compensation at a rate of no less than time and one half their regular rate of pay for the hours worked over forty in a workweek.

34. During their employment, one or more of the Plaintiffs complained about the illegal practices described above to management, but it took no action to stop the illegal practices.

35. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who suffered from the same pay practice of being improperly paid the tipped minimum wage instead of the non-tipped minimum wage rate, and overtime.

36. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated valet attendants are in the possession and custody of Defendants.

## COVERAGE

37. At all material times during the last three years (2014-2017), Defendant, NATIONAL PARKING SOLUTIONS, LLC D/B/A NATIONAL

PARKING SOLUTIONS – SOUTH, LLC, was an enterprise subject to the FLSA provision on minimum wages.

38. At all material times during the last three years (2014-2017), Defendant, NATIONAL PARKING SOLUTIONS, LLC D/B/A NATIONAL PARKING SOLUTIONS – SOUTH, LLC, was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

39. Defendants' employees handled such goods as valet tickets, cash registers, receipt tape, paper, pens, etc. which had travelled in commerce on a daily basis during the last three years (2014-2017).

40. At all material times during the last three years (2014-2017), Defendants have had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated).

### Collective Factual Allegations

41. Class members are treated equally by Defendant.

42. Defendants subjected class members to the same illegal practice and policy by failing to pay its hourly paid employees proper minimum wage and overtime premiums.

43. Defendants pay class members in the same manner.

44. Plaintiff and all class members worked in the State of Georgia.

45. Plaintiff and all class members in the State of Georgia were not guaranteed at least the full minimum wage for all hours worked.

46. Plaintiff and all class members were improperly paid the tipped minimum wage per hour.

47. Plaintiff and the class members were not paid an hourly wage.

48. Plaintiff and the class members were only paid in tips.

49. Plaintiff and the class members frequently worked more than forty (40) hours per week.

50. Plaintiff and the class members were not paid time and one half of at least $7.25 per hour for their overtime hours.

51. Plaintiff and the class members were required to share tips with management.

52. Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c).

53. Defendant's failure to keep accurate time and pay records casts the burden on Defendant to disprove the testimony of Plaintiff and all class members regarding the illegal deductions which they were required to pay.

54. Plaintiffs have hired the undersigned law firms to represent them in this matter and are obligated to pay them reasonable fees and costs if they prevail.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)
## (Unpaid Minimum Wages)

55. Plaintiff re-alleges and reincorporates all allegations contained in Paragraphs 1 – 54 as if incorporated herein.

56. Defendants failed to pay Plaintiff and the class members full and proper minimum wage.

57. Defendants' failure to pay Plaintiff and other valet attendants the full minimum wage is a violation of 29 U.S.C. § 206.

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59. Plaintiffs demand a trial by jury.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)
## (Unpaid Overtime Wages)

60. Plaintiff re-incorporates and re-adopts all allegations contained within Paragraphs 1 - 54 above as though fully stated herein.

61. Plaintiff and class members are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

62. During their employment with Defendants, Plaintiff and the hourly paid employees regularly worked overtime hours but was not paid time and one half compensation for the same.

63. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff and the class members time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages.

64. Defendants did not maintain and keep accurate time records regarding the overtime hours as required by the FLSA.

65. Also, Defendants failed to post required FLSA informational listings as required by law.

66. As a result of Defendants' willful violation of the FLSA, Plaintiff and the class members are entitled to liquidated damages.

**THIRD CAUSE OF ACTION**
**DECLARATORY RELIEF**

67. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 - 54 above as though fully stated herein.

68. Plaintiff and Defendants have a pending dispute under the Fair Labor Standards Act, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331.

69. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

70. Plaintiff may obtain declaratory relief.

71. Defendants employed Plaintiff and those similarly situated employees as valet attendants.

72. Defendants failed to pay Plaintiff and the valet attendants full minimum wage.

73. Defendants failed to pay Plaintiff and the valet attendants an hourly wage.

74. Defendants took improper deductions from Plaintiff and the valet

attendants' tips.

75. Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

76. Plaintiff is entitled to the full minimum wage pursuant to 29 U.S.C. § 206.

77. Defendants failed to pay Plaintiff and its valet attendants proper overtime wages.

78. Plaintiff and the class members are entitled to an equal amount of liquidated damages.

79. It is in the public interest to have these declarations of rights recorded as Defendants still employs hourly paid employees subject to the same policies at issue.

80. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

81. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

82. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MATTHEW CHARRON, on behalf of himself and those similarly situated employees, demands a declaration of rights

finding all of the above allegations raised in this count to be true.

83. Plaintiff also demands a trial by jury.

Respectfully submitted this **5th** day of **June, 2017**.

                                              **s/CARLOS V. LEACH**
Carlos V. Leach, Esq.
Georgia Bar No. 488443
MORGAN & MORGAN, P.A.
191 Peachtree Street NE,
P.O. Box 57007
Atlanta, GA 30303
Telephone: (404) 965-8811
Facsimile: (404) 965-8812
Email: cleach@forthepeople.com